IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anna Marie Horstman<br>　　　　　Debtor<br><br>Specialized Loan Servicing<br>　　　　　Secured Creditor<br>　　vs.<br><br>Anna Marie Horstman<br>　　　　　Debtor<br><br>Kurt Horstman<br>　　　　　Co-Debtor<br><br>William C. Miller, Esquire<br>　　　　　Trustee | CHAPTER 13<br><br><br><br>NO. 19-12043 ELF<br><br><br><br><br>11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　　The Order dated September 15, 2020 is vacated and the automatic stay as to Secured Creditor's mortgage on the Property located at 314 Roseberry Street, Philadelphia, PA 19148-3928 is reinstated.

2.　　The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$4,360.59** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2020 to October 2020 in the amount of $720.85/month |
| Fees & Costs Relating to Motion: | $1,231.00 |
| Suspense Balance: | $474.66 |
| **Total Post-Petition Arrears** | **$4,360.59** |

3.　　The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,360.49.**

b). Secured Creditor shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,360.49** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4. Beginning with the payment due November 1, 2020 and continuing thereafter, Debtor shall pay to Secured Creditor the present regular monthly mortgage payment of $720.85 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

6. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Secured Creditor relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 16, 2020                By: /s/ Rebecca A. Solarz, Esquire
                                        Attorney for Secured Creditor

Date: 10-26-2020 _____
                                        Michael D. Ward, Esquire
                                        Attorney for Debtors

Date: October 26, 2020     /s/ Jack Miller, Esquire, for*     *No objection to its terms,
                              William C. Miller, Esquire        without prejudice to any of
                              Chapter 13 Trustee            our rights and remedies

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank